**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MITCHELL KLEIN,**
**Plaintiff,**

**v.** **Case No. 26-CV-1423**

**DOUGLAS COLLINS, et al.,**
**Defendants.**

---

## ORDER

Pro se plaintiff Mitchell Klein filed this action on August 19, 2026, alleging employment discrimination based on a disability in violation of the Rehabilitation Act of 1973. Plaintiff alleges that defendants Douglas Collins (the Secretary of the U.S. Department of Veterans Affairs ("VA")) and the VA itself retaliated against him for a protected activity, subjected him to a hostile work environment, and failed to promote him and/or assigned him inequitable work hours, all because of his disability. *See* ECF No. 1. The complaint alleges that the discriminatory acts occurred from December 2018 to the present and are ongoing. *Id.* at 2. The complaint also states that related EEOC charges were filed on or about March 5, 2019, and that an EEOC Notice of Right to Sue letter was received on May 26, 2026, although the letter is not attached to the complaint. *Id.* at 3.

Notwithstanding payment of any filing fee, I may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District judges have authority to dismiss frivolous or transparently defective suits spontaneously and thus save

everyone time and legal expense. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). This is so even when the plaintiff has paid all fees for filing and service. *Id.*

Having screened the complaint, I find that plaintiff's claims are barred by the doctrines of claim preclusion and issue preclusion, and the entire complaint will be dismissed. Claim preclusion, also called res judicata, bars relitigation of claims or issues which were or could have been raised in a prior suit on the merits between the same parties. *Alexander v. Chicago Park Dist.*, 773 F.2d 850, 853 n.1 (7th Cir 1985). The threshold requirements for claim preclusion are: "(1) identity of parties; (1) identity of causes of action; and (3) a final judgment on the merits." *Id.* at 854. Issue preclusion applies when an issue raised by a party has been *actually and necessarily litigated* in a prior suit, and when the party against whom preclusion is asserted has had a *full and fair opportunity* to litigate the issue. *See United States v. Sherman*, 912 F.2d 907, 909 (7th Cir. 1990). The four requirements of issue preclusion are: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom [preclusion] is invoked was fully represented in the prior action." *Id.*

Two weeks before he filed this case, plaintiff tried virtually identical claims under the Rehabilitation Act against the same defendants before a jury in a three-and-a-half-day trial in another federal court in this judicial district.[1] He lost. *Klein v. Collins*, No. 23-cv-1231-bhl (E.D.Wis. Aug. 6, 2026) (judgment entered for defendant, dismissing case).

[1] I note that Douglas Collins was the only defendant listed on the judgment in the other case, but it appears clear that in both cases Collins has been sued in his official capacity as the Secretary of the VA, which means that the VA was also effectively a defendant at trial. "Official capacity suits are actions against the government entity of which the official is a part." *Sanville v. McCaughtry,* 266 F.3d 724, 732–33 (7th Cir.2001).

The prior case, which consumed significant judicial resources over the course of three years of litigation, raised the same issues as the current lawsuit, arising out of the same core set of facts—namely, plaintiff's allegations that he was subjected to retaliation, a hostile work environment, and other adverse employment actions by the VA based on his disability, from approximately 2018 to the present. *See Klein*, No. 23-cv-1231-bhl (Feb. 20, 2026) (order on cross motions for summary judgment). While plaintiff may have received a second right to sue letter in May 2026, there is no indication based on the current complaint that plaintiff raises any new legal or factual claims that were not explicitly raised, or could not have been raised, in the just-completed litigation. Indeed, plaintiff does not even mention the earlier case in his new complaint or attempt to explain why this new filing is not substantially duplicative of the other litigation. Under these circumstances, both claim preclusion and issue preclusion apply, and this action is barred. Plaintiff has already been afforded a full and fair opportunity to litigate these issues.

For the reasons stated, **IT IS ORDERED** that plaintiff's complaint is **DISMISSED** based on preclusion. The Clerk of Court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge